```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

SYLVESTER KELLY,

    Petitioner,

v.                        CIVIL ACTION NO. 1:14-19369

SANDRA BUTLER, WARDEN,

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4.)

Magistrate Judge Tinsley submitted to the court his PF&R on October 14, 2016, in which he recommended that the Court deny Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) and Petitioner's Motion for Writ of Mandamus (Doc. No. 11), and dismiss this civil action from the docket of the court.

In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to Magistrate Judge Tinsley's PF&R.  The failure of any party to file such objections within the time allotted constitutes a

1

waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Neither party filed any objections to the Magistrate Judge's PF&R within the required time period.

Accordingly, the court adopts Magistrate Judge Tinsley's PF&R as follows:

1) Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) and Petitioner's Motion for Writ of Mandamus (Doc. No. 11) are **DENIED**; and
2) The Clerk is directed to remove this matter from the docket of the Court.

Petitioner filed a letter form motion for an extension of time to respond to the PF&R. (Doc. No. 14.) In that motion, Petitioner asked for an additional thirty (30) days to respond to the PF&R. The additional time Petitioner requested has long since passed and he has yet to file his objections. Accordingly, Petitioner's motion for an extension of time is **DENIED as moot**.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that

reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683—84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

    The Clerk is further directed to forward a copy of this Order to counsel of record and to Petitioner.

    It is **SO ORDERED** this 1st day of February, 2017.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge

3